UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO PROVENCIO,<br><br>    Petitioner,<br><br>v.<br><br>SHAWN HATTON, Warden<br><br>    Respondent. | Case No. 1:15-cv-01327-LJO-MJS (HC)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(ECF No. 32)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's January 8, 2018 motion for relief from judgment.

**I.    Relevant Procedural History**

On October 31, 2017, the assigned Magistrate Judge issued findings and recommendations to deny the petition for writ of habeas corpus. (ECF No. 26.) Petitioner sought a sixty-day extension of time to file objections thereto. (ECF No. 27.) On December 1, 2017, the Magistrate Judge granted Petitioner's request, extending his deadline for filing objections to sixty days from that date. (ECF No. 28.) However, on

December 7, 2017, Petitioner filed his objections. (ECF No. 29.) Following de novo review of the case, including Petitioner's December 7, 2017 objections, the undersigned adopted the findings and recommendations, denied the petition for writ of habeas corpus, and declined to issue a certificate of appealability. (ECF No. 30.)

On January 8, 2018, Petitioner filed the instant motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 52(b). (ECF No. 32.) He states that the objections filed December 7, 2017 were hastily written without knowledge of whether he would be granted his requested extension. He requests to have the full time allowed to file his completed objections. He does provide any information on the substance of his intended objections.

**II.    Applicable Law**

Petitioner's motion is brought pursuant to Rule 52(b). This rule permits a party to file a motion to amend the findings or make additional findings, and to amend the judgment accordingly. It applies in actions tried on the facts without a jury. Fed. R. Civ. P. 52(a). Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision. Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219-1220 (5th Cir. 1986). A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir. 1985).

Petitioner's motion also in entitled "Motion to Alter or Amend." He therefore may have intended to seek relief under Rule 59(e), which permits a court to alter or amend a judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously

unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (punctuation modified).

Finally, although not cited by Petitioner, Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

**III.  Discussion**

Petitioner provides no basis to alter or amend the judgment, or to provide him relief therefrom. He states only that he wishes to utilize the full sixty days afforded him by the Magistrate Judge. However, Petitioner filed objections, and those were reviewed by the Court. He does not explain how or why those objections were inadequate. Although the full objection period has now passed, Petitioner did not file any further objections, with his motion or otherwise.

Additionally, to the extent Petitioner merely wishes to expand on the factual claims stated in his prior objections, such efforts would be unavailing. In reviewing Petitioner's claims and determining if the state court decision was reasonable, this Court may only rely upon the record before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record

that was before the state court that adjudicated the claim on the merits."). Having reviewed the petition and determined that the state court's ruling was not unreasonable, the Court has no basis to consider new facts not presented to the state court.

Because Petitioner has not provided a basis to alter or amend the judgment or to provide him relief, the motion to alter or amend will be denied.

**IV.  Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. See Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

**V.  Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to alter or amend is DENIED; and
2. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **March 12, 2018**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

4